IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT McLAREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-558 |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security,* | ) ) ) ) |
| Defendant. | ) ) ) |

O R D E R

AND NOW, this 10th day of May, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff argues that the Administrative Law Judge ("ALJ") committed errors of fact and law in assessing his subjective reports and in determining his residual functional capacity ("RFC").  (Doc. No. 11).  Plaintiff specifically asserts that the ALJ did not credit significant probative evidence and committed an error of law by rejecting his subjective complaints because they were not established by objective evidence.  (*Id.* at 11-15).  Further, Plaintiff posits that the ALJ's RFC limiting him to light work with postural and environmental limitations was made in error because the ALJ did not acknowledge Plaintiff's osteoarthritis of both knees, obesity, chronic obstructive pulmonary disease ("COPD"), and fatigue.  (*Id.*).  Additionally, Plaintiff attaches to his brief an exhibit titled "index to medical record" containing a chart summary of each doctor's opinion and organized by those produced before his date of last insured ("DLI") and those produced after his DLI.  (Doc. No. 11-1).  For the following reasons, the Court finds no merit in Plaintiff's arguments and affirms the ALJ's finding of non-disability.

In disagreeing with Plaintiff's first argument that the ALJ erred by rejecting his subjective complaints and ignoring significant probative evidence, the Court notes that an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011).  Further, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference.  *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).  While Plaintiff is correct that the ALJ cannot ignore significant probative evidence, *see Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008), here the ALJ considered Plaintiff's testimony and reasonably concluded that it was not credible.

The Court finds that the ALJ's analysis of Plaintiff's testimony was logical and that the ALJ did not ignore significant probative evidence.   Plaintiff argues that the ALJ failed to credit significant probative evidence without explanation, failed to discuss evidence contrary to Plaintiff's complaints, and rejected Plaintiff's testimony solely because it was not established by objective evidence.  (Doc. No. 11 at 7-15).   Plaintiff points to evidence outside the relevant period, namely a stroke he suffered in November 2015 and a diagnosis of osteoarthritis in both knees, to show that his testimony was credible.  (*Id.* at 12-13; R. 19, 529 (noting the relevant period was May 30 to Dec. 31, 2018 and Plaintiff suffered a stroke in November 2015 and was diagnosed with osteoarthritis on January 29, 2018)).  However, during the relevant period, Plaintiff's physical exam findings were

---

unremarkable, Plaintiff denied symptoms to his providers, and he reported feeling well. (R. 24-25). Further, while Plaintiff argues that the ALJ ignored his complaints of fatigue, Plaintiff does not point to any part of the record where he complained of fatigue during the relevant period, as Defendant points out. (Doc. No. 17 at 12). Rather, Plaintiff points to extraneous evidence, including an article from the American Stroke Association, showing that there is a correlation between strokes and fatigue. (Doc. No. 11 at 12-13). For these reasons, Plaintiff's first argument is without merit.

Plaintiff's argument that the ALJ could not reject his complaints solely because they are not established by objective evidence is equally unconvincing. (*Id.* at 11) (citing *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)). In both *Mason* and *Rutherford,* the United States Court of Appeals for the Third Circuit explained that subjective complaints can be rejected when contrary medical evidence exists within the record. *See Mason*, 994 F.2d at 1067 (noting the claimant's complaints "may not be disregarded unless there exists contrary medical evidence"); *Rutherford*, 399 F.3d at 554 (stating an "ALJ can reject such a limitation if there is conflicting evidence in the record"). In this case, the ALJ rejected Plaintiff's subjective complaints based on contrary medical evidence; indeed, the ALJ explained that Plaintiff's symptoms such as shortness of breath and chest pain were refuted by objective medical evidence during the relevant period, specifically Plaintiff's exams showing normal respiration, clear lungs, and regular heart rate. (R. 24; Ex. B2F/37). Accordingly, the ALJ's rejection of Plaintiff's subjective complaints is supported by substantial evidence.

The Court also finds no merit to Plaintiff's argument that the ALJ ignored medical evidence in determining Plaintiff's RFC. Plaintiff argues that the ALJ failed to incorporate his osteoarthritis in both knees, obesity, COPD, and fatigue into his RFC. The Court notes that in making an RFC determination, the ALJ, of course, must consider all the evidence before him. *See Plummer*, 186 F.3d at 429. The ALJ must give an indication of the evidence which he or she rejects and the reasons for discounting such evidence. *See id.*; *Cotter*, 642 F.2d at 705. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. Here, it is clear the ALJ considered Plaintiff's obesity, COPD, and fatigue to the extent they were relevant during the applicable period. As to his obesity, the ALJ specifically incorporated this into Plaintiff's RFC, stating, "[a]lthough the claimant has alleged no specific limitations due to his weight, the effects of obesity, alone and in combination with other impairments, have been considered in determining his residual functional capacity." (R. 25). The ALJ also considered Plaintiff's COPD and intermittent use of oxygen. (R. 23, 26). The ALJ considered this even though Plaintiff admitted during his hearing that he did not need oxygen during the relevant period in 2018. (R. 47). As to Plaintiff's fatigue, Plaintiff cites no evidence that he suffered from fatigue during the relevant period, and he denied feeling fatigued several times at his doctors' appointments. (R. 444, 555). Moreover, the ALJ specifically decided to limit Plaintiff

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:       Counsel of record

---

to light work "to further address the claimant's described symptoms of chest pain and shortness of breath, as well as the references to long-standing cardiac problems, leg pain, and obesity." (R. 26). The ALJ therefore more than adequately addressed this evidence.

Additionally, the Court rejects Plaintiff's argument that the ALJ erred by failing to consider Plaintiff's bilateral osteoarthritis. While Plaintiff was diagnosed with bilateral osteoarthritis before the relevant period, the record reveals that Plaintiff did not seek treatment for knee pain, denied musculoskeletal symptoms, and walked with a normal gait during the relevant period. (R. 490-91). Plaintiff's lack of symptoms during this period account for the ALJ's lack of specific limitations incorporating this impairment. *See Rutherford*, 399 F.3d at 554 (stating the ALJ need only incorporate "credibly established limitations" into the RFC). In sum, the ALJ's RFC is supported by substantial evidence.

Lastly, the Court notes that Plaintiff's Exhibit A, titled "index to medical record[,]" is cumulative evidence that does not qualify for a "new evidence" remand. *See* 42 U.S.C.A. § 405(g) (stating that to support a "new evidence" remand of a case, the evidence must be new and not merely cumulative of what is already in the record, among other criteria); *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984) (explaining that "§ 405(g) now requires that to support a 'new evidence' remand the evidence must first be 'new' and not merely cumulative of what is already in the record."). Accordingly, the Court did not consider this exhibit as substantive evidence.

For all these reasons, the Court affirms the decision of the ALJ.